Blair R. Albom (#375832021)
Eric Corngold (*pro hac vice* application forthcoming)
Priyanka Wityk (*pro hac vice* application forthcoming)
Jacob Lewis (*pro hac vice* application forthcoming)
FRIEDMAN KAPLAN SEILER
   & ADELMAN LLP
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------------ x
                                                                   :
BIOREFERENCE HEALTH, LLC,                                          :
                                                                   :
                                   Plaintiff,                      :   Civil Action No. _____
                                                                   :
            - against -                                            :
                                                                   :
                                                                   :   **COMPLAINT AND**
STATLAB MOBILE, LLC,                                               :   **JURY DEMAND**
                                                                   :
                                   Defendant.                      :
                                                                   :
------------------------------------------------------------------ x

Plaintiff BioReference Health, LLC ("BioReference"), for its Complaint against Defendant StatLab Mobile, LLC ("Client"), alleges as follows:

### NATURE OF THE ACTION

1. In this action, BioReference seeks to collect from Client fees in the amount of $564,527.33 for laboratory tests BioReference performed pursuant to a binding contract. There is no dispute that BioReference rendered these services. Nor is there any dispute that Client owes BioReference the amount in question. Client simply refuses to pay.

2. This dispute is governed by the Laboratory Services Agreement, entered into on or around February 8, 2021 (the "Agreement").

3678903.1

3.	BioReference has upheld its end of the bargain and has provided the requested testing for Client.  In response, however, Client has refused to pay BioReference what it is owed.

4.	Because Client refuses to fulfill its payment obligations BioReference had no choice but to bring the instant action.

## THE PARTIES

5.	BioReference is a limited liability company organized under the laws of Delaware, with its principal place of business at 481 Edward H. Ross Dr., Elmwood Park, New Jersey 07407-3128.  BioReference is a clinical testing laboratory offering testing, information and related services to physician offices, clinics, hospitals, nursing homes, employers and governmental units.

6.	Upon information and belief, Client is a limited liability company organized under the laws of Florida, with its principal place of business at 12222 SW 51st Pl., Davie, FL 33330.  Upon information and belief, the members of Client are Bryan Wilson, Cheveral Deacon, and Vaheer Mohamed, who are all citizens of Florida.

## JURISDICTION AND VENUE

7.	This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.	Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because, *inter alia*, a substantial part of the events or omissions giving rise to this action occurred in New Jersey.

9. This Court has personal jurisdiction over Client because, *inter alia*, the Parties' Agreement provides that each Party irrevocably consented to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

### Client Contracts with BioReference to Provide Medical Testing Services

10. BioReference is a provider of comprehensive laboratory medical testing services. Client, a mobile testing clinic, sought BioReference's crucial services.

11. On or around February 8, 2021, Client and BioReference entered into the Agreement.[1] A true and correct copy of the Agreement is attached as Exhibit A hereto. Section 3.2 of the Agreement provided that "Laboratory shall bill the patient or the patient's third-party payor when so directed by Client on the testing requisition order form, and as appropriate. Client shall provide Laboratory with all patient information necessary for Laboratory to bill the patient or the patient's third-party payor, including but not limited to, any and all applicable diagnosis codes for each patient to the highest level of specificity, demographics and if applicable the patient or subscribers insurance information. Laboratory shall bill and collect from the Tested Person's third-party payer, provided that Client provides Laboratory with all information necessary for Laboratory to bill such payer, including the information set forth on Exhibit A." *See* Ex. A § 3.2.

12. Section 3.3 provided that "Laboratory agrees to charge, and Client agrees to pay, for all Laboratory testing performed at the fees set forth in Exhibit A (i) where Client designates on the testing requisition order form that Laboratory should bill Client; (ii) for Tests

---

[1] BioReference is the successor-in-interest to BioReference Laboratories, Inc., which was the signatory to the Agreement.

3

3678903.1

Persons [sic] who are registered as hospital or skilled nursing patients; (iii) third party payer has denied or recouped payment from Laboratory for testing; or (iv) where the Client fails to provide all necessary patient demographic billing information with the specimen." *See* Ex. A § 3.3.

13. The Agreement provides that "[t]he laws of the State of New Jersey shall govern the terms of this Agreement" and that the parties "submit[] and consent[] to the jurisdiction of" courts in New Jersey based in Bergen County. *See* Ex. A § 6.10.

**BioReference Performs Pursuant to the Agreements**

14. Client sent specimens to BioReference for testing from, *inter alia*, January 2022 through June 2022, and BioReference performed the requested testing on the specimens and provided the test results to Client.

15. Client failed to provide third-party payer information for tests performed on its patients. BioReference tried numerous times to obtain this information but received no response from Client. Accordingly, pursuant to Section 3.3 of the Agreement, Client is responsible for paying for the testing performed on its patients.

**Client Breaches by Failing to Pay Amounts Owed to BioReference**

16. As detailed in the schedule appended hereto at Exhibit B, BioReference sent invoices to Client between January 2022 and July 2022 for tests performed pursuant to the Agreement.

17. BioReference billed Client $564,527.33 pursuant to the Agreement for testing performed in 2022. Client has failed to pay any of this balance.

18. BioReference has contacted Client multiple times concerning the outstanding payments, but Client has failed to pay.

**FIRST CLAIM FOR RELIEF**
**Breach of the Agreement**

19. BioReference repeats and re-alleges the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20. BioReference and Client entered into the Agreement which is a binding and valid contract.

21. BioReference performed its obligations under the Agreement by performing the laboratory tests.

22. Client failed to provide BioReference with information necessary to bill any third-party payer for the laboratory tests.

23. Client is therefore obligated pursuant to the Agreement to make the payments called for in the invoices issued by BioReference.

24. Client has failed to make payment to BioReference, in breach of the Agreement, causing BioReference injury.

25. By reason of the foregoing, BioReference is entitled to a judgment awarding it damages in an amount to be determined at trial, but not less than $564,527.33, plus pre- and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**Account Stated**

26. BioReference repeats and re-alleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. BioReference sent invoices to Client between January 2022 and July 2022 that together sought payment of $564,527.33 for laboratory tests that BioReference performed. The invoices were accepted as correct because Client did not dispute that it owed BioReference $564,527.33.

28. Client promised to pay BioReference through the Agreement.

29. By reason of the foregoing, BioReference is entitled to a judgment awarding it damages in an amount to be determined at trial, but not less than $564,527.33, plus pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, BioReference Health, LLC prays that judgment be awarded in its favor and against Defendant StatLab Mobile, LLC as follows:

(a) A judgment against StatLab Mobile, LLC for damages in an amount to be determined at trial, but in any event no less than $564,527.33, plus pre- and post-judgment interest;

(b) Attorneys' fees and costs of suit; and

(c) Such other and further relief as this Court deems just and proper.


Dated: Newark, New Jersey
       August 4, 2022

FRIEDMAN KAPLAN SEILER &
   ADELMAN LLP

  /s/ Blair R. Albom
Blair R. Albom (#375832021)
One Gateway Center
Newark, NJ 07102-5311
(973) 877-6400

Eric Corngold (*pro hac vice* application forthcoming)
Priyanka Wityk (*pro hac vice* application forthcoming)
Jacob Lewis (*pro hac vice* application forthcoming)
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for Plaintiff BioReference Health, LLC*

6

3678903.1

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

FRIEDMAN KAPLAN SEILER & ADELMAN LLP


    */s/ Blair R. Albom*
Blair R. Albom (#375832021)
One Gateway Center
Newark, NJ 07102-5311
(973) 877-6400

Eric Corngold (*pro hac vice* application forthcoming)
Priyanka Wityk (*pro hac vice* application forthcoming)
Jacob Lewis (*pro hac vice* application forthcoming)
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for Plaintiff*
*BioReference Health, LLC*

3678903.1